## Case No. 13,368.

STEPHENS v. FELT et al.

[2 Blatchf. 37;[1] 1 Fish. Pat. Rep. 144.]

Circuit Court, S. D. New York. Dec. 2, 1846.

PATENTS—DAMAGES IN INFRINGEMENT SUITS—DEFENDANT'S EVIDENCE.

1. On the trial of an action for the infringement of a patent for a writing fluid, no proof was given of the cost of the manufacture of the fluid, or of the sale price, but it was shown that sales were highly profitable, and that the defendants had made and sold very large quantities. The defendants gave no evidence of the amount of their manufacture and sales, or of the cost or value of the article. The jury found a verdict of $2,000 for the plaintiff. Held, that the verdict must stand, it not being one of palpable extravagance.

[Cited in Doyle v. Dixon, 97 Mass. 213.]

[Cited in Adams v. Keystone Manuf'g Co., 41 Fed. 598.]

2. In such a case, a plaintiff is not held to the most exact proof of the amount of his damages, and the jury are warranted in exercising a liberal discretion.

3. If the defendant prefers to leave the damages to general inference and the estimate of the jury, when he might make their amount reasonably certain by evidence on his part, the finding of the jury will not be interfered with, except in a case of palpable extravagance.

This was an action at law, to recover damages for the infringement of letters patent granted to the plaintiff for a writing fluid [granted October 28, 1837, to the plaintiff, reissued April 21, 1838.][2] The plaintiff had a verdict for $2,000, and the defendants now moved for a new trial, on a case, upon the ground that there was no legal evidence authorizing the amount of damages given by the jury.

George Gifford, for plaintiff.

William Emerson, for defendants.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [From 1 Fish. Pat. Rep. 144.]

## Case No. 13,368a.

STEPHENS v. FELT et al.

[11 Hunt, Mer. Mag. 266.]

Circuit Court, S. D. New York. May 11, 1844.

PATENTS — VALIDITY AND INFRINGEMENT — DAMAGES.

[1. A claim for more than that of which the patentee was the first and original discoverer will not avoid the patent as to that which was in fact new and original.]

[2. If a combination of ingredients is new, and produces a new and useful result, a patent therefor is valid, even if the inventor's process of preparing the separate ingredients were previously known or used.]

[3. Mere abstract knowledge by others of the preparation of a compound, or of the properties of its ingredients and their effect upon each other, will not defeat a patent, unless there was an actual prior use of the discovery.]

[4. A prior discovery and practical use, however limited, will defeat a patent, unless such use was secret, and confined to the knowledge of the discoverer alone.]

[5. The prior discovery and use of a product will defeat a patent, whether or not it was intended to be applied to the use contemplated by the patentee; and it is immaterial if the prior product was less complete and perfect in all respects than that of the patent.]

[6. In an action for infringement of a patent for a compound, the fact that defendants have used on their preparation labels counterfeiting those of the patentee affords no ground for damages. The damages are limited to the injuries sustained by the manufacture and sale of the patented product.]

This was an action for the violation of the plaintiff's patent for the manufacture of blue writing ink, or a blue liquid for staining

paper, &c. The cause occupied the court from April 21 to May 11, numerous witnesses having been examined on both sides,—on the part of the defendants [D. & W. Felt], to prove a discovery and use of the article prior to the patent; and on the part of the plaintiff, to counteract that evidence, and prove he was the first and original discoverer, and that the defendants had wilfully violated his right, and to a great extent. The discovery consisted in the application of oxalic acid as a solvent to Prussian blue, by which a combination of the two substances is effected, and the blue is held suspended after being dissolved. It was proved that the discovery is highly valuable, and that the article is in extensive use in this country as a writing fluid and a dye; and evidence was given tending to prove that the defendants had simulated the plaintiff's label, and had applied these simulated labels to bottles, or had used bottles before filled and labelled by the plaintiff, and, in vending their manufacture, had represented it to be that of the plaintiff.

BETTS, District Judge (charging jury). 1. The true construction of this patent is, that it secures an improvement in the use in combination of oxalates, or oxalic acid, and Prussian blue, in the manner pointed out in the specification, for the purpose of manufacturing a coloring matter, and rendering the color more applicable to dyeing, staining, and writing.

2. The patent is valid to this end, if the proofs show that the plaintiff is the first and original inventor of the composition claimed, and that it is useful for the purposes described in the patent.

3. A claim in the patent for more than that plaintiff was the first and original discoverer and inventor of, will not avoid it as to that which is new; and if his process in the separate preparation of either of the ingredients named in his patent was before known or used, yet, if his combination of them is new, and the result produced is new and useful, his patent is valid.

4. A mere abstract discovery or knowledge, by others, of the preparation of Prussian blue, as described in the patent, or the properties and effect of oxalic acid, in combination with Prussian blue, unless such knowledge was in actual practical use prior to plaintiff's discovery, will not defeat his patent.

5. Any prior discovery, and practical use of the subject patented, however small and limited such use was, will defeat the patent, unless such use was secret, and confined to the knowledge of the discoverer alone.

6. The patent will be defeated if the proofs show that the coloring fluid claimed thereby has been before produced by the same combination of ingredients, whether the product was intended for or applied to the same purpose and use as that contemplated by

plaintiff, or not; or whether or not the product was less complete and perfect, in all respects, than that of the patentee.

7. If the plaintiff's patent is sustained, the use of labels by the defendants, counterfeiting his, affords no ground for damages in this action. The jury must give damages only to cover the injury sustained by the plaintiff by means of the manufacture and sale, by defendants, of coloring matter made in violation of his patent.

The jury found a verdict for plaintiff, $2,000 damages.